# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LONNY WILLIAMS § | |
| § | |
| § | |
| V. § | CASE NO. 4:11-CV-483 |
| § | (Judge Mazzant) |
| MICHAEL J. ASTRUE, § | |
| COMMISSIONER OF SOCIAL § | |
| SECURITY ADMINISTRATION § | |

## MEMORANDUM OPINION

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for disability insurance benefits. After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be remanded.

## HISTORY OF THE CASE

Plaintiff filed his application for disability insurance benefits under Title II of the Social Security Act on June 23, 2008, alleging disability beginning on June 10, 2003, due to back injury, arthritis, incontinence, diabetes, shooting pains in his back and legs, depression, use of a cane, and nerve damage in his back and legs (TR 217, 235). This application was denied initially by notice and upon reconsideration, after which the claimant timely requested a hearing before an ALJ. After holding a hearing on October 7, 2009, the ALJ denied benefits on December 30, 2009 (TR 106-122). A request for review to the Appeals Council was denied on June 7, 2011, making the decision of the ALJ the final decision of the Commissioner leading to judicial review (TR 1).

## STATEMENT OF THE FACTS

Plaintiff was born on April 18, 1971, making him a 32-year-old male at the time of his onset date and 38 years old on his date of last insured (TR 120). Plaintiff's insured status expired on June

30, 2009.

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After a discussion of the medical data regarding Plaintiff and hearing testimony, the ALJ made the prescribed sequential evaluation. The ALJ found that Plaintiff had not engaged in substantial gainful activity since June 10, 2003, through his last insured date of June 30, 2009. The ALJ further found that Plaintiff had severe impairments of the lumbar spine, status-post laminectomy, obesity, sleep apnea, asthma, diabetes, urinary incontinence, hypertension, depression, and anxiety. The ALJ concluded that although Plaintiff's medical impairments were severe, they were not severe enough either singly or in combination to meet or medically equal one of the listed impairments (TR 112). The ALJ found that Plaintiff had the residual functional capacity to lift and carry ten pounds occasionally and less than ten pounds frequently, sit throughout an eight-hour workday, stand and walk individually or in combination two hours in an eight-hour workday, and otherwise perform the full range of sedentary work (TR 113). The ALJ then determined that Plaintiff was unable to perform any of his past relevant work (TR 120). The ALJ then determined that there were jobs in the national economy that Plaintiff could perform (TR 121). The ALJ concluded that Plaintiff was not disabled from June 10, 2003, through June 30, 2009, the date last insured (TR 121-122).

## STANDARD OF REVIEW

In an appeal under § 405(g), this Court must review the Commissioner's decision to determine whether there is substantial evidence in the record to support the Commissioner's factual findings and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985); *Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983). This Court cannot reweigh the evidence or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995), and conflicts in the evidence are resolved by the Commissioner. *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook,*, 750 F.2d at 393. In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below. 20 C.F.R. § 404.1520(a)(4).

## **SEQUENTIAL EVALUATION PROCESS**

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (2012). First, a claimant who at the time of his disability claim is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). Fourth, a claimant with a severe impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e). Finally, a claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1520(f); 42 U.S.C. § 1382(a).

## ANALYSIS

Plaintiff asserts the following two issues on appeal: (1) whether the Appeals Council properly considered the new evidence Plaintiff submitted[1]; and (2) whether the ALJ's residual functional capacity assessment is not supported by substantial evidence.

Plaintiff first asserts that the Appeals Council failed to properly consider new evidence Plaintiff submitted on appeal. The ALJ issued a decision on December 30, 2009, and Plaintiff submitted new evidence to the Appeals Council on May 17, 2011 (TR 4-97).

The new evidence consists of a Functional Capacity Evaluation ("FCE") from the Texas Back Institute dated December 28, 2006; treatment notes from Greater Dallas Anesthesia and Pain Management dated September 16, 2009, through February 25, 2010; a treatment note from Rory Allen, D.O., dated December 22, 2009; an examination report from Craig Nelson, M.D., dated March 22, 2010; a "Treating Physician's Clinical Assessment" from Dr. Nelson dated May 16, 2011; and an FCE from Robert West, OTR, from JTJ Rehabilitation dated May 16, 2011.

The Commissioner asserts that with the exception of the FCE from the Texas Back Institute (TR 21-24), none of Plaintiff's new evidence relates to the time period at issue here, that is, prior to the expiration of Plaintiff's insured status on June 30, 2009 (TR 222).

One of the documents states that Plaintiff suffers from severe pain of such a degree that it continuously interferes with his ability to maintain attention and concentration in order to perform simple work tasks (TR 82-83). Dr. Nelson's assessment also states that Plaintiff is unable to lift more than five pounds occasionally, is limited to standing and/or walking for less than two hours per work day, is unable to sit for two hours or more in a regular work day, and requires frequent rest to

---

[1] Plaintiff's actual issue is entitled "Remand is warranted because the Commissioner failed to apply proper weight and legal analysis to the treating and examining sources, and that failure prejudiced Williams's claim." In reality, Plaintiff is complaining that the Appeals Council accepted evidence which requires remand.

relieve pain (TR 81-82). Plaintiff also submitted functional capacity evaluations from the Texas Back Institute and JTJ Rehab (TR 21-24, 85-97). In both evaluations, Plaintiff was noted as functioning at less than a sedentary exertional level (TR 21, 97).

Plaintiff asserts that by accepting and reviewing the above evidence, the Appeals Council undoubtedly observed that it directly conflicted with the ALJ's residual functional capacity assessment determination that Plaintiff was capable of sustaining work at a sedentary exertional level. The Commissioner argues that most of the evidence is not relevant to the Plaintiff's disability status prior to his insured status expiring.

Under the Social Security Act, courts may review the final decision of the Commissioner. 42 U.S.C. § 405(g). The final decision encompasses the Appeals Council's denial of review as well as new evidence submitted to the Appeals Council. *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). The Appeals Council considers all evidence in the record, as well as any new and material evidence it receives which relates to the period on or before the date of the ALJ's decision, in deciding whether to grant a claimant's request for review of the ALJ's decision. 20 C.F.R. § 404.976(b). Most of the new evidence submitted to the Appeals Council did not fall on or before the date of the ALJ's decision on December 30, 2009; however, the Appeals Council accepted and acknowledged receipt of the new evidence but decided not to change the decision (TR 1). Therefore, this Court must consider the new evidence as part of the record to determine if the ALJ's decision is supported by substantial evidence.

The Social Security Act requires the Appeals Council to consider new evidence presented for the first time in a request for review. *Rodriguez v. Barnhart*, 252 F. Supp. 2d 329, 336 (N.D. Tex. 2003); *see also Carry*, 750 F.2d at 486. When reviewing new evidence, the Appeals Council must follow the same rules as the ALJ. 20 C.F.R. § 404.1527(e). Specifically, Plaintiff asserts the

5

Appeals Council must follow the same rules governing the weight given to these opinions as required by the ALJ.

The Appeals Council provided no written record for the Court to review to review to determine the weight given to these opinions (TR 1). The only explanation provided for their denial of review stated:

> We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.

The standard boilerplate language used to deny Plaintiff's request for review does not show good reason for the determination of the weight given by the Appeals Council to the new evidence.[2] *See Stewart v. Astrue*, No. 7-07-CV-052-BD, 2008 WL 4290917, at *4 (N.D. Tex. Sept. 18, 2008). In addition, the new evidence is inconsistent with the residual functional capacity finding of the ALJ. Remand is appropriate when the new evidence is so inconsistent that it undermines the ultimate disability determination and review is necessary to properly consider the evidence. *Id.* The Court cannot weigh the evidence, try the issue *de novo*, or substitute its judgment on the ultimate issue of disability for that of the Commissioner. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Therefore, this case should be remanded for further review.

The Commissioner asserts that most of the medical source statements do not relate to the time period for which benefits were denied. Plaintiff points out that the issue of "materiality" is not before the Court when the Appeals Council reviews new evidence and admits it into the record. *See Jones v. Astrue*, 228 F. App'x 403, 406 (5th Cir. 2007).[3] 20 C.F.R. § 404.976 requires the Appeals

---

[2] The Court agrees with the Commissioner that the Appeals Council is not required to prepare an opinion like the ALJ does. However, if the evidence is material, the Court is required to determine whether there was substantial evidence to support the decision after including the new evidence. Although the Court finds that remand is required, the Court cannot reweigh the evidence to determine whether the new evidence could be rejected for some additional basis.

[3] The Court agrees that some of this evidence may not be material, but the Appeals Council accepted the evidence and is required to reject the evidence or state in its opinion that the evidence is not material.

Council to return new evidence when it does not relate to the proper time period. However, the Appeals Council accepted and acknowledged receipt of the new evidence (TR 1). Therefore, as both Plaintiff and Commissioner agree, this Court must consider the new evidence as part of the record to determine if the ALJ's decision is supported by substantial evidence.

The decision of the Administrative Law Judge is hereby **REMANDED** for further review.
**SIGNED this 27th day of March, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE